107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert Kimberly MITCHELL, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
Greenwood Bank of Bethel, Inc.; Charles V. Austin; James
M. Mannion, Jr.; Edward J. Paradise, Sr.; Anthony M.
Caraluzzi, Jr.; Robert G. Kovacs; Mary G. McCollam;
Charles A. Steck, III; John D. Carroll; Michael S.
Cardillo; Arthur J. Mannion, Jr.; and Elsie Del Monte,
Defendants-Appellees.
 No. 96-6080.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 APPEARING FOR APPELLANT: Craig R. Fritzsch, Binghamton, NY.
 APPEARING FOR APPELLEE FEDERAL DEPOSIT INSURANCE CORPORATION: Scott Watson, Fairfield, CT.
 APPEARING FOR APPELLEE CHARLES V. AUSTIN: Edward Maum Sheehy, Williams, Cooney & Sheehy, Bridgeport, CT.
 APPEARING FOR APPELLEES JAMES M. MANNION, JR., EDWARD J. PARADISE, SR., ANTHONY M. CARALUZZI, JR. ROBERT G. KOVACS, MARY G. MCCOLLAM, CHARLES A. STECK, III, JOHN D. CARROLL, MICHAEL S. CARDILLO, ARTHUR J. MANNION, JR., AND ELSIE DEL MONTE: Jonathan Tropp, Day, Berry & Howard, Stamford, CT.
 Before VAN GRAAFEILAND and LEVAL, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 Plaintiff-appellant Robert Kimberly Mitchell appeals from an order of the United States District Court for the District of Connecticut (Thompson, J.), adopting Magistrate Judge F. Owen Eagan's recommendation that his complaint be dismissed for failure to state a claim.
 
 
 1
 Mitchell brought this action against the Greenwood Bank of Bethel, Inc. (the "Bank"), Charles Austin, the former President and CEO of the Bank, and a number of the Bank's directors (the individual defendants), alleging, among other things, violations of sections 10(b) and 14(a) of the Securities and Exchange Act of 1934. After the Bank was declared insolvent, the Federal Deposit Insurance Corporation was appointed as its receiver and substituted as a party defendant in the action.
 
 
 2
 The amended complaint alleged, among other things, the following: (1) In August 1988, when the Bank and its founders were soliciting interest in an initial public offering of its shares (the "IPO"), Mitchell met with Austin, who encouraged him to invest in the Bank and told him that if he "purchased a minimum of 20,000 shares he might be considered for a Board position after the Bank commenced operations." But Mitchell purchased only 5,000 shares during the IPO because he was "dissatisfied with that vague assurance."
 
 
 3
 (2) In January 1989, Mitchell told Austin that he wished to make a substantial investment in the Bank and become one of its directors. Mitchell later gave the Board financial and biographical information, but never received any response to his offer. In early September 1989, after the closing of the IPO, Mitchell purchased from the underwriter 62,000 shares of the Bank's stock at $7.50 per share. The Bank learned of this acquisition, which gave Mitchell 67,000 shares, or 9.85% of the outstanding stock, only after it was complete. Later that month, Austin and defendant James Mannion met with Mitchell, and expressed disapproval of his intention to acquire another 10% of the Bank and join its Board.
 
 
 4
 (3) Mitchell thereafter tried to increase his stake in the Bank and become a director. Austin and Mannion tried to block this acquisition by discrediting Mitchell, speaking badly of him before the Board, and writing the Banking Commission a letter challenging his fitness to own more than 10% of the Bank. They also directed the Bank's counsel to prepare a proxy solicitation to be presented at the Bank's annual shareholders' meeting on March 29, 1990. Among other things, the solicitation proposed amending the Bank's certificate of incorporation by (1) classifying the Board of Directors and (2) requiring that any person or group seeking to acquire more than 10% of the Bank's outstanding common stock obtain the approval of a majority of the Board and two-thirds of the shareholders. The amendments were adopted with a majority of 10,000 votes.
 
 
 5
 (4) The Bank and the individual defendants did not "follow in a timely manner" applicable federal proxy regulations. Moreover, the proxy statement used in connection with the 1990 meeting contained false and misleading information about the proposed amendments.
 
 
 6
 Mitchell originally filed the complaint in the Northern District of New York. That court transferred the case to the District of Connecticut, where defendants' motion to dismiss was referred to Magistrate Judge F. Owen Eagan to report and recommend. In a decision dated June 27, 1994, the Magistrate Judge recommended that the complaint be dismissed in its entirety. With respect to Mitchell's claim under § 10(b), the Magistrate Judge found that he had not alleged that his injuries resulted from defendants' alleged misrepresentations or omissions. As to Mitchell's claim of proxy violations, the Magistrate Judge found that he had not adequately alleged that he was harmed as a result of the corporate transactions that occurred after the allegedly illegal proxy solicitation.
 
 
 7
 The decision of the Magistrate Judge specifically noted: "Failure to object to this report and recommendation within ten (10) days will preclude appellate review." Mitchell did not file objections with the court, but instead sent defendants objections to the Magistrate Judge's recommendations as to his claim under § 14(a). Mitchell did not object to Magistrate Judge Eagan's ruling on his § 10(b) claim. In an order dated January 10, 1996, Judge Alvin K. Thompson accepted the Magistrate Judge's recommendation and dismissed the action.
 
 
 8
 Mitchell appeals only from the district court's dismissal of his claims under sections 10(b) and 14(a). He argues simply that his complaint did state claims under these provisions.
 
 
 9
 Failure to file a timely objection to a magistrate judge's report ordinarily "operates as a waiver of any further judicial review of the magistrate's decision." Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir.1989). By failing to object to Magistrate Judge Eagan's recommendation that his § 10(b) claim be dismissed, Mitchell waived appellate review of that decision. He has suggested no reason why this court should excuse that waiver "in the interests of justice." Thomas v. Arn, 474 U.S. 140, 55, 106 S.Ct. 466, 475 (1985).
 
 
 10
 In any event, the district court properly dismissed that claim. To state a claim under § 10(b), Mitchell had to allege that (1) a defendant, with scienter, made a misrepresentation or omission of material fact; (2) he relied on the misrepresentation or omission; and (3) suffered a loss because of his reliance. Burke v. Jacoby, 981 F.2d 1372, 1378 (2d Cir.1992), cert. denied, 113 S.Ct. 2338 (1993). The complaint simply did not allege that any defendant made a misrepresentation or omission of material fact to Mitchell, or that Mitchell purchased the Bank's shares in reliance on the statements attributed to defendants.
 
 
 11
 Mitchell's claim under § 14(a) is also without merit. A claim under that provision requires proof that the alleged proxy violations caused the corporate transaction in question and also that the plaintiff suffered harm as a result of that transaction. Wilson v. Great American Indus., 979 F.2d 924, 931 (2d Cir.1992); Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374, 381-82 (2d Cir.1974). The complaint did not properly allege either of these elements, or even comprehensibly identify any proxy violations.
 
 
 12
 We therefore affirm the judgment of the district court. The defendants motion for damages, attorneys' fees, and double costs is denied.